**FILED**

**July 18, 2016**

**TN COURT OF
WORKERS' COMPENSATION
CLAIMS**

**Time 7:15 AM**



# TENNESSEE BUREAU OF WORKERS' COMPENSATION
# IN THE COURT OF WORKERS' COMPENSATION CLAIMS
# AT NASHVILLE

| | |
|---|---|
| Ronald Pool,<br>      Employee,<br>v.<br>Jarmon D&Q Transport,<br>      Employer,<br>And<br>Riverport Insurance Company,<br>      Carrier. | Docket No.: 2015-06-0510<br><br>State File Number: 48782-2015<br><br>Judge Kenneth M. Switzer |

## EXPEDITED HEARING ORDER DENYING COMPENSABILITY

This matter came before the undersigned Workers' Compensation Judge on July 14, 2016, on the Request for Expedited Hearing filed by the Employee, Ronald Pool, pursuant to Tennessee Code Annotated section 50-6-239 (2015). The present focus of this case is the compensability of an occupational disease Mr. Pool allegedly sustained while working for Jarmon D&Q Transport. For the reasons set forth below, the Court finds Mr. Pool failed to satisfy his burden to show the alleged injury arose primarily out of and in the course and scope of employment. Therefore, his claim is not compensable, and he is not entitled to any additional workers' compensation benefits at this time.[1]

### History of Claim

This is Mr. Pool's second expedited hearing. The Court issued its first Expedited Hearing Order Granting Medical Benefits on November 17, 2015. (T.R. 2.) Jarmon appealed, and the Appeals Board remanded the case for additional consideration regarding the legal sufficiency of Mr. Pool's notice of injury. The Court issued its Expedited Hearing Order on Remand on January 13, 2016. (T.R. 3.) The Court incorporates by reference and supplements those orders with the additional facts and legal analysis, below, to the previous Expedited Hearing Orders.

---

[1] A complete listing of the technical record and exhibits admitted at the Expedited Hearing is attached to this Order as an appendix.

In compliance with the previous Expedited Hearing Orders, Jarmon offered a panel of allergists, and Mr. Pool selected Dr. Jane Choi. Mr. Pool saw Dr. Choi on April 21, 2016. At that office visit, he met a nurse case manager assigned to his claim, Tara Mulderig. According to Mr. Pool, Ms. Mulderig spoke to Dr. Choi outside his presence.

Mr. Pool testified he provided copies of his medical records to Dr. Choi. (Ex. 2 at 5-6.) Records from the visit contain a history explaining Mr. Pool's belief that he suffers work-related respiratory problems and listing mold as a "trigger." (Ex. 1 at 3.) Dr. Choi examined him, and her staff preformed skin and pulmonary function testing. Mr. Pool understood that a nurse performing the skin testing found mold allergies. The records listed the following impressions: "Chronic allergic rhinitis – rather severe seasonal and perennial sensitivities, but not significant mold sensitivity on testing today," and, "History of fatigue and various other chronic symptoms which cannot be clearly explained by hypersensitivity to aeroallergens or mold spores." *Id.*

Mr. Pool recently sought additional, unauthorized care from Dr. Holley and Dr. Kroser. Dr. Kroser ordered a CT scan, which results are unavailable. Mr. Pool did not introduce records from treatment with these doctors.

Mr. Pool filed a Request for Expedited Hearing on June 13, 2016. (T.R. 1.) At the hearing, he argued Dr. Choi's opinions are unreliable because Ms. Mulderig exerted improper influence upon her and/or the records were "tampered with." In his affidavit, he asked this Court to order that Jarmon provide medical treatment with a mold specialist.

## Findings of Fact and Conclusions of Law

### *Evidentiary Rulings*

As an initial matter, Jarmon introduced into evidence two letters from its counsel to Dr. Choi and Dr. Giri Korivi, the previous authorized treating physician, respectively dated April 20, 2016, and June 6, 2016. (Exs. 3, 4, for identification only.) Dr. Korivi signed and dated his response on June 7, 2016, while fax markings indicate Dr. Choi returned hers on June 6, 2016. Jarmon filed the letters with the Court Clerk on July 13, 2016, one day prior to the Expedited Hearing. Tennessee Compilation Rules and Regulations 0800-02-21-.14(1)(b) (2015) provides: "Immediately upon receiving the motion [for expedited hearing], but in no event later than five (5) business days after the motion is filed with the clerk, the opposing party shall submit all information in its possession demonstrating that the employee is not entitled to temporary disability or medical benefits." As previously stated, Mr. Pool filed his hearing request on June 13, 2016. Jarmon filed the letters long past the five-business-day window of June 20, 2016,

2

for its response. The letters are inadmissible.[2]

Mr. Pool sought to introduce medical records from Gateway Medical Center dated March 27, 2016, and filed with the Court on March 31, 2016. He asserted the records document additional symptomology from the alleged mold exposure, in particular, neck swelling. Jarmon objected to their admissibility, arguing the records are signed by a registered nurse and are not relevant. The Court marked the records as Exhibit 5 for identification purposes only and reserved ruling.

Upon closer examination, the Court observes Dr. Rachel Root's electronic signature in multiple places, and therefore they are properly authenticated. However, as our Supreme Court held, "Once authenticity has been established relevance must be shown," and, "'Relevant evidence' means evidence having any tendency to make the existence of *any fact that is of consequence* to the determination of the action more probable or less probable than it would be without the evidence." *State v. Banks,* 564 S.W.2d 947, 949 (Tenn. 1978) (emphasis added). Mr. Pool acknowledged that, within the proffered records, no one at Gateway offered any statements linking the neck swelling to mold exposure. Causation is the central issue before the Court. The information contained within these treatment notes do not make causation more or less probable. The Court sustains Jarmon's objection and declines to admit them into evidence.[3]

*Compensability*

Turning now to causation, as previously stated in the November 2015 Expedited Hearing Order, at an expedited hearing, Mr. Pool, has the burden to come forward with sufficient evidence from which this Court can determine he is likely to prevail at a hearing on the merits. *McCord v. Advantage Human Resourcing,* No. 2014-06-0063, 2015 TN Wrk. Comp. App. Bd. LEXIS 6, at *7-8, 9 (Tenn. Workers' Comp. App. Bd. Mar. 27, 2015).

The Workers' Compensation Law defines injuries, including occupational diseases, so that: "'Injury' and 'personal injury' mean an . . . occupational disease including diseases of the lung . . . arising primarily out of and in the course and scope of employment, that causes . . . the need for medical treatment[.]" Tenn. Code Ann. § 50-6-102(14) (2015). Further, "An injury 'arises primarily out of and in the course and scope of employment' only if it has been shown by a preponderance of the evidence that the

---

[2] The purpose of Rule 0800-02-21-.14(1)(b) is to promote fundamental fairness at an expedited hearing and to avoid trial by ambush. The rule's requirements provide the other party with appropriate time to respond and/or rebut the proffered evidence. This Court will not allow a represented party to sidestep a clear rule to its advantage over a self-represented litigant. In the expedited hearing phase, fundamental fairness and common sense must prevail.

[3] Mr. Pool additionally sought to introduce records of his Department of Transportation medical examinations, asserting they document a lack of mold-related symptoms prior to employment with Jarmon. At the hearing, the Court sustained Jarmon's objection to the records' relevance.

3

employment contributed more than fifty percent (50%) in causing the injury, considering all causes." Tenn. Code Ann. § 50-6-102(14)(B) (2015). "Arising out of employment" refers to causation, or work-relatedness. *See Hosford v. Red Rover Preschool,* No. 2014-05-0002, 2014 TN Wrk. Comp. App. Bd. LEXIS 1, at *20 (Tenn. Workers' Comp. App. Bd. Oct. 2, 2014). The opinion of Dr. Choi, the authorized treating physician, whom Mr. Pool selected from Jarmon's designated panel of physicians pursuant to Tennessee Code Annotated section 50-6-204(a)(3), "shall be presumed correct on the issue of causation but this presumption shall be rebuttable by a preponderance of the evidence[.]" Tenn. Code Ann. § 50-6-102(14)(E) (2015).

Applying these principles, the Court finds Dr. Choi, the authorized treating physician, after examining Mr. Pool, reviewing the results of skin and pulmonary testing, and reading his medical records, concluded Mr. Pool's chronic allergic rhinitis did not manifest as significant mold sensitivity. She further opined Mr. Pool's history of fatigue and various other chronic symptoms "cannot be clearly explained by hypersensitivity to aeroallergens or mold spores." At no point has Mr. Pool proven to this Court's satisfaction that he was, indeed, exposed to mold at work. Moreover, Dr. Choi's causation opinion is presumed correct. Although contending there was collusion of some sort, Mr. Pool provided no evidence to substantiate his claim that Ms. Mulderig influenced Dr. Choi's expert opinions or that the medical records were in any way altered. Further, while he indicated he is seeking additional care outside of workers' compensation, he introduced no medical records from these providers addressing causation into evidence at the hearing. Mr. Pool did not rebut the presumption of correctness the Workers' Compensation Law affords Dr. Choi's opinion.

Thus, he has not come forward with sufficient evidence from which this Court may conclude he is likely to prevail at a hearing on the merits regarding causation. At this time, Jarmon is under no obligation to provide additional medical benefits, nor is it obligated to provide temporary disability benefits.

**IT IS, THEREFORE, ORDERED** as follows:

1. Mr. Pool's requests for additional medical benefits and temporary disability benefits are denied at this time.

2. This matter is set for an Initial (Scheduling) Hearing on September 6, 2016, at 1:30 p.m.

**ENTERED** this the 18th day of July, 2016.

**Judge Kenneth M. Switzer**
**Court of Workers' Compensation Claims**

4

<u>Initial (Scheduling) Hearing:</u>

An Initial (Scheduling) Hearing has been set with **Judge Kenneth M. Switzer, Court of Workers' Compensation Claims. You must call 615-532-9552 or toll-free at 866-943-0025 to participate in the Initial Hearing.**

**Please Note: You must call in on the scheduled date/time to participate. Failure to call in may result in a determination of the issues without your further participation.**

<u>Right to Appeal:</u>

Tennessee Law allows any party who disagrees with this Expedited Hearing Order to appeal the decision to the Workers' Compensation Appeals Board. To file a Notice of Appeal, you must:

1. Complete the enclosed form entitled: "Expedited Hearing Notice of Appeal."

2. File the completed form with the Court Clerk *within seven business days* of the date the Workers' Compensation Judge entered the Expedited Hearing Order.

3. Serve a copy of the Expedited Hearing Notice of Appeal upon the opposing party.

4. The appealing party is responsible for payment of a **filing fee in the amount of $75.00.** Within ten calendar days after the filing of a notice of appeal, payment must be received by check, money order, or credit card payment. Payments can be made in person at any Bureau office or by United States mail, hand-delivery, or other delivery service. In the alternative, the appealing party may file an Affidavit of Indigency, on a form prescribed by the Bureau, seeking a waiver of the filing fee. The Affidavit of Indigency may be filed contemporaneously with the Notice of Appeal or must be filed within ten calendar days thereafter. The Appeals Board will consider the Affidavit of Indigency and issue an Order granting or denying the request for a waiver of the filing fee as soon thereafter as is practicable. **Failure to timely pay the filing fee or file the Affidavit of Indigency in accordance with this section shall result in dismissal of the appeal.**

5. The parties, having the responsibility of ensuring a complete record on appeal, may request, from the Court Clerk, the audio recording of the hearing for the purpose of having a transcript prepared by a licensed court reporter and filing it with the Court Clerk within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. Alternatively, the parties may file a joint statement of

the evidence within ten calendar days of the filing of the Expedited Hearing Notice of Appeal. The statement of the evidence must convey a complete and accurate account of what transpired in the Court of Workers' Compensation Claims and must be approved by the workers' compensation judge before the record is submitted to the Clerk of the Appeals Board.

6. If the appellant elects to file a position statement in support of the interlocutory appeal, the appellant shall file such position statement with the Court Clerk within five business days of the expiration of the time to file a transcript or statement of the evidence, specifying the issues presented for review and including any argument in support thereof. A party opposing the appeal shall file a response, if any, with the Court Clerk within five business days of the filing of the appellant's position statement. All position statements pertaining to an appeal of an interlocutory order should include: (1) a statement summarizing the facts of the case from the evidence admitted during the expedited hearing; (2) a statement summarizing the disposition of the case as a result of the expedited hearing; (3) a statement of the issue(s) presented for review; and (4) an argument, citing appropriate statutes, case law, or other authority.

## APPENDIX

<u>Exhibits:</u>
1. Medical records, Dr. Jane Choi
2. Affidavit of Ronald Pool
3. Causation letter, Dr. Choi (Identification only)
4. Causation letter, Dr. Korivi (Identification only)
5. Gateway Medical Center records (Identification only)

<u>Technical record:</u>[4]
1. Request for Expedited Hearing, October 5, 2015
2. Expedited Hearing Order Granting Medical Benefits, November 17, 2016
3. Expedited Hearing Order on Remand, January 13, 2016

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the Expedited Hearing Order Denying Compensability was sent to the following recipients by the following methods of service on this the 18th day of July, 2016.

| Name | Certified Mail | Via Fax | Via Email | Service sent to: |
|------|------|------|------|------|
| Ronald Pool, Self-represented | X | | X | ronaldleepool@aol.com |
| Duane Willis, Employer's Counsel | | | X | dwillis@morganakins.com |

Penny Shrum, Clerk of Court
**Penny Shrum, Clerk of Court**
**Court of Workers' Compensation Claims**
**WC.CourtClerk@tn.gov**

---

[4] The Court did not consider attachments to Technical Record filings unless admitted into evidence during the Expedited Hearing. The Court considered factual statements in these filings or any attachments to them as allegations unless established by the evidence.

7